IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BILLY HARRIS | § | |
| | § | CIVIL ACTION NO. 5:04cv218 |
| JUDGE JACK HOLLAND, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Billy Harris, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Harris complained that he received a sentence in December of 1989, which included 224 days of credit for time served. This sentence was corrected on April 13, 1999, giving him an additional 161 days of time credits. Harris says that if the sentence had been calculated correctly, he would never have gone to prison in June of 1997 through 1998. He indicates that he went to a facility in Fort Worth at some point, and says that he was falsely imprisoned on or before April 13, 1999. As Defendants, Harris sued a state district judge named Jack Holland, a member of the Texas Board of Pardons and Paroles named Mrs. Johnson, and unnamed officials at the Tarrant County Jail in Fort Worth.

The Magistrate Judge determined that Harris was complaining about the fact or legality of his detention and ordered him to refile his complaint on a standard habeas corpus form. When

Harris did not respond to this order, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Harris filed objections to this Report on March 11, 2005.

In his objections, Harris says that he is no longer under the judgment of the state court and so he does not believe that habeas corpus can help him. He asserts that someone else must have received "those documents," apparently referring the Magistrate Judge's order, although the record contains a signed acknowledgment card. The Magistrate Judge did not err in recommending dismissal for failure to prosecute.

In addition, the Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); *see also* Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). The Fifth Circuit has stated that this rule applies even where the prisoner is no longer in custody and thus cannot file a habeas corpus petition. Randall v. Johnson, 227 F.3d 300 (5th Cir. 2000). This means that to recover damages, the prisoner must show that the conviction or sentence has been overturned or set aside. Randall, 227 F.3d at 300-01. The mere fact that he is no longer in custody does not obviate this requirement.

In this case, Harris has not shown, nor do any of his pleadings indicate, that the conviction or sentence about which he is complaining has been overturned or set aside. For this reason, his lawsuit seeking monetary damages is without merit and may be dismissed without prejudice on this basis as well. *See* Clarke v. Stalder, 154 F.3d 186, 188 (5th Cir. 1998).

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute and for failure to satisfy the requirements of Heck v. Humphrey. Harris may refile his lawsuit at such time as he can demonstrate that the conviction and sentence of which he complains has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

SIGNED this 13th day of April, 2005.

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE